UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHELLY OLNEY,

    Plaintiff,

v.                                                  Case No: 2:16-cv-592-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Shelly Olney seeks judicial review of the denial of her claims for disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed the record, the briefs, and the applicable law. For the reasons discussed herein, the decision of the Commissioner is **AFFIRMED.**

### I. Issues on Appeal[1]

Plaintiff raises two issues on appeal: (1) whether substantial evidence supports the Administrative Law Judge's ("ALJ") decision to discount the opinion of examining psychologist, Noble Harrison, Ph.D.; and (2) whether substantial evidence supports the ALJ's credibility finding.

---

[1] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

## II. Procedural History and Summary of the ALJ's Decision

On March 8, 2012, Plaintiff filed her applications for DIB and SSI alleging an onset date of June 28, 2010, due to depression, bipolar disorder, fibromyalgia, chronic pain, neuropathy, memory loss, nausea, temporomandibular joint and muscle disorder, and hearing problems. Tr. 233-46, 279. The claim was denied initially and upon reconsideration. Tr. 101-02, 131-34. Plaintiff requested and received a hearing before an ALJ on December 11, 2014. Tr. 33-74. Plaintiff, who was represented by an attorney, and a vocational expert ("VE") appeared and testified at the hearing. Tr. 33, 38-62.

On January 28, 2015, the ALJ issued a decision finding Plaintiff not disabled. Tr. 9-27. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 28, 2010, the alleged onset date. Tr. 14. At step two, the ALJ found that Plaintiff has the following severe impairments: fibromyalgia or chronic pain disorder, and depression. *Id.* At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 15. The ALJ then determined that Plaintiff has the RFC to perform light work,[2] expect Plaintiff:

---

[2] The regulations define light work as work that involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do

can frequently rotate her neck/head laterally and vertically; can occasionally use her upper extremities to occasionally reach, push, and pull overhead; can frequently use her upper extremities handle, grasp, finger, and feel; can occasionally kneel, squat, crouch, and climb stairs/ramps; can never climb ladders, ropes, or scaffolding; must avoid concentrated exposure to extreme hot and cold temperatures, vibrations, wetness, and work hazards such as dangerous, moving mechanical parts and unprotected heights; can perform simple, routine, repetitive tasks; can understand, remember, and complete only simple work instructions; can only have superficial contact with the general public; can occasionally perform team and tandem work; and is limited to low stress job environments where there are no high volume production quotas or fast paced assembly lines.

Tr. 16. Next, the ALJ found that Plaintiff is not able to perform her past relevant work as a cashier, receptionist or pharmacy technician. Tr. 24. At step five, in considering Plaintiff's RFC, age, education, and work experience, the ALJ found that jobs exist in significant numbers in the national economy Plaintiff could perform. Tr. 25. Thus, the ALJ concluded that Plaintiff has not been disabled from June 28, 2010, the alleged onset date, through the date of the decision. Tr. 27.

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied. Tr. 1-3. Accordingly, the ALJ's January 28, 2015 decision is the final decision of the Commissioner. Plaintiff filed an appeal in this Court on July 29, 2016. Doc. 1. Both parties have consented to the jurisdiction of the United States Magistrate Judge, and this matter is now ripe for review. Docs. 17, 18.

---

substantially all of these activities. If someone can do light work, [it is determined] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

## III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).[3] The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §416.920. The Eleventh Circuit has summarized the five steps as follows:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in "significant numbers in the national economy."

*Atha v. Comm'r Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.920(a)(4), (c)-(g), 416.960(c)(2); *Winschel v. Comm'r of Soc. Sec.*, 631

---

[3] The Court notes that after Plaintiff filed her applications and the ALJ issued the decision, certain Social Security rulings and regulations have been amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016). The Court will apply rules and regulations in effect at the time of the ALJ's decision, unless regulations specify otherwise. *Green v. Soc. Sec. Admin., Comm'r*, — F. App'x —, 2017 WL 3187048, at *4 (11th Cir. July 27, 2017) (in reviewing the ALJ's decision, refusing to apply SSR 16-3p retroactively because "administrative rules are not generally applied retroactively."); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("[C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply."). *See also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (holding that when the Appeals Council denies review of the ALJ's decision, appellate courts review the ALJ's decision as the Commissioner's final decision).

F.3d 1176, 1178 (11th Cir. 2011)). The claimant bears the burden of persuasion through step four; and, at step five, the burden shifts to the Commissioner. *Id.* at 933; *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

The Eleventh Circuit has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) (citing *Black Diamond Coal Min. Co. v. Dir., OWCP*, 95 F.3d 1079, 1082 (11th Cir. 1996)). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir.

1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 525 (11th Cir. 2015) (citing *Grant v. Richardson*, 445 F.2d 656 (5th Cir.1971)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

## IV. Discussion

### a. Whether substantial evidence supports the ALJ's decision to discount the opinion of examining psychologist, Noble Harrison, Ph.D.

Plaintiff requests that the Court reverse the ALJ's decision because the ALJ did not give a sufficient justification for rejecting the opinion of Dr. Harrison, an examining psychologist. Doc. 21 at 15-18. In response, the Commissioner contends that substantial evidence supports the ALJ's RFC finding and rejection of Dr. Harrison's opinion. Doc. 22 at 4-9.

In evaluating the medical opinions of record, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). "Medical

opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1); *Winschel*, 631 F.3d at 1178-79.

When determining how much weight to afford an opinion, the ALJ considers whether there is an examining or treatment relationship and the nature and extent thereof; whether the source offers relevant medical evidence to support the opinion; consistency with the record as a whole; the specialization of the source, if any; and any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). Under the regulations, opinions of treating sources usually are given more weight because treating physicians are the most likely to be able to offer detailed opinions of the claimant's impairments as they progressed over time and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ." 20 C.F.R. § 404.1527(c)(2). Medical source opinions may be discounted, however, when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole. SSR 96-2p; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004). In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). Refusal to give a treating physician's opinion substantial weight requires that the

Commissioner show good cause. *Id.* at 1240-41; *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). An ALJ may properly discount the opinion of a treating physician if the opinion is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's own medical records. *Phillips*, 357 F.3d at 1240-41. An ALJ generally will give more weight to the opinion of an examining physician over one who has not examined the claimant. 20 C.F.R. § 404.1527(c)(1). Nonetheless, the opinion of a non-treating physician is not entitled to any deference or special consideration. *Denomme v. Comm'r of Soc. Sec.*, 518 F. App'x 875, 878 (11th Cir. 2013).

At issue here is Dr. Harrison's March 2011 opinion that Plaintiff would have difficulty maintaining gainful employment due to lack of attention and concentration. Tr. 410. The ALJ rejected Dr. Harrison's opinion to the extent he assessed more than mild mental limitations, finding it was inconsistent with Dr. Harrison's own findings that Plaintiff was malingering. Tr. 24. In addition, the ALJ found that Dr. Harrison's opinion was inconsistent with the objective medical evidence.[4] *Id.*

Dr. Harrison added an addendum to his report after completing a personality assessment of Plaintiff. Tr. 411. In the addendum, Dr. Harrison found that Plaintiff was exaggerating her condition. *Id.* Specifically, Dr. Harrison stated that Plaintiff's "responses were biased towards an exaggerated impression of her current" condition, and her "patterns of endorsement are highly infrequent among bona fide

---

[4] The Court notes that Dr. Harrison was not a treating provider so his opinion was not entitled to controlling weight. *See* 20 C.F.R. §§ 404.1527(c), 404.1529(c), 416.929(c).

clinical patients." *Id.* This addendum was appropriately considered by the ALJ, and supports his decision to reject Dr. Harrison's earlier opinion that Plaintiff would have difficulty maintaining gainful employment due to her mental limitations.

In addition to considering this addendum, the ALJ also found that the objective medical evidence did not support Dr. Harrison's opinion of disabling mental limitations. Tr. 22, 24. Upon thorough review of the record, as well as the ALJ's decision, the Court finds that substantial evidence supports the ALJ's justification for rejecting the opinion of Dr. Harrison.

In March 2011, Plaintiff presented to neurologist Edward Steinmetz, M.D., who noted that Plaintiff's mental status was normal. Tr. 413. Dr. Steinmetz observed that Plaintiff was "smiling and appropriate" during the examination and did not appear to be in physical or emotional distress. *Id.*

In May 2012, Claudia Zsigmond, Psy.D., a state agency consultant,[5] performed an mental evaluation of Plaintiff, wherein she noted that Plaintiff was alert and oriented, and denied any symptoms of psychosis. Tr. 454. In addition, Plaintiff did not report any compulsions or obsessions. *Id.* Dr. Zsigmond further observed that Plaintiff had appropriate attention and concentration, there was no evidence of a formal thought disorder, and her thought process was goal-directed, logical, and coherent. Tr. 455.

---

[5] State agency consultants are highly qualified specialists who are experts in the Social Security disability programs, and the ALJ properly relied on the opinion to support his RFC finding. *See* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i).

In May 2012, Munir Rizkallah, M.D., an internist, performed an examination of Plaintiff. Tr. 458-61. Dr. Rizkallah observed that Plaintiff was oriented, had a normal affect, had no evidence of impaired judgment, and had no significant memory impairment. Tr. 460. His prognosis for Plaintiff's condition was "stable." Tr. 461.

In December 2012, Plaintiff began mental health treatment at SalusCare. Tr. 550-53. At that time, Plaintiff's mental status examination showed that she was oriented in all spheres but had impaired short-term and long-term memory, as well as a depressed mood. Tr. 550-51. Her thoughts were coherent and her judgment and insight were fair. Tr. 550. Plaintiff was prescribed Wellbutrin and directed to maintain a healthy diet and exercise. Tr. 552. Plaintiff continued follow up care and, with some exceptions, it was noted that she generally had good insight with no cognitive impairments, her judgment and insight ranged from fair to good, she was oriented in all spheres, her psychomotor activity was normal, and her thought content was coherent, logical, and goal directed. Tr. 502-04, 507-09, 512-14, 518-20, 523-25, 528-30, 533-35, 538-40, 542-44, 546-48, 550-51.

In light of the foregoing, the Court finds substantial evidence supports the ALJ's decision to reject Dr. Harrison's opinion that Plaintiff had a lack of attention and concentration that would prevent gainful employment. Accordingly, remand is not required on this issue.

*b. Whether substantial evidence supports the ALJ's credibility finding.*

Plaintiff argues that the ALJ's credibility determination is not supported by substantial evidence. Doc. 21 at 18-24. Specifically, Plaintiff contends that the ALJ erred in discrediting Plaintiff's testimony about her fibromyalgia symptoms. *Id.* In response, the Commissioner argues that the ALJ properly considered Plaintiff's subjective complaints and properly explained his reasoning for finding Plaintiff's statements not entirely credible. Doc. 22 at 9-16.

In reviewing the record to determine if a claimant is able to prove disability based on subjective complaints, the ALJ must determine if the claimant provided enough evidence of an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms. 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p;[6] *Wilson v. Barnhard*, 284 F.3d 1219, 1225-26 (11th Cir. 2002). Once evidence of an underlying medical condition is shown, the claimant must show either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (11th Cir. 1984) ("While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment,

---

[6] Effective March 28, 2016, SSR 16-3p superseded SSR 96-7p. *See* SSR 16-3p, 81 Fed. Reg. 14, 166 (Mar. 16, 2016); 81 Fed. Reg. 15, 776 (Mar. 24, 2016). The ALJ in Plaintiff's case issued his decision before the effective date of SSR 16-3p and, accordingly, the ALJ followed SSR 96-7p, the policy statement in effect at the time of his decision.

direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced."). Absent objective medical evidence confirming severity, once a claimant establishes that the objectively determined medical condition can be reasonably expected to produce the alleged symptoms, it becomes the ALJ's duty to evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which those symptoms limit the claimant's work ability. *See* 20 C.F.R. §§ 404.1529(c)-(d), 416.929(c)-(d); SSR 96-7p; *Wilson*, 284 F.3d at 1225-26.

Recognizing that individuals may experience their symptoms differently and may be limited by the same symptoms to varying degrees, the ALJ must "make a finding on the credibility of the individual's statements based on a consideration of the entire case record." SSR 96-7p, 1996 WL 374186 (July 2, 1996); *see also* 20 C.F.R. §§ 404.1529, 416.929; *Wilson*, 284 F.3d at 1225-26; *Polaski*, 739 F.2d 1322. Lastly, when determining whether the substantial evidence standard supports the ALJ's evaluation of the claimant's subjective statements, "[t]he question is not … whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir 2011); *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence").

Here, the ALJ reviewed Plaintiff's subjective complaints and concluded that

Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. Tr. 17-18, 22-23. Specifically, the ALJ found that Plaintiff's complaints were inconsistent with the objective medical evidence, her prior statements, and her conservative treatment. Tr. 22-23.

The Court agrees with the Commissioner's contention that the objective medical evidence supports the ALJ's credibility assessment. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (the ALJ can consider the objective medical evidence in evaluating credibility). The ALJ properly considered Plaintiff's fibromyalgia diagnosis and found it to be a severe impairment. Tr. 14. However, the mere diagnosis of an impairment does not necessitate that the impairment caused work-related limitations. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). Although fibromyalgia often is characterized by a lack of objective evidence, the ALJ may still consider the record as a whole in determining the credibility of Plaintiff's statements and subjective complaints.

In February 2010, Peter Patton, D.O., stated that Plaintiff's fibromyalgia was stable with medication. Tr. 390. Four months later, Paul Arnold, D.O., began tapering Plaintiff off her pain medications. Tr. 371. In March 2011, Dr. Steinmetz observed that Plaintiff had good strength and full range of motion in all her extremities. Tr. 413. Dr. Steinmetz stated that Plaintiff had a "remarkably normal" neurological exam and would probably qualify for "most office employee positions." Tr. 414. Similarly, Dr. Rizkallah noted that Plaintiff had a normal gait and did not appear to be in acute distress. Tr. 459. She could walk on her heels

and toes and could get onto and off of the examination table without any difficulty. *Id.* She had a full range of motion in her spine and 5/5 strength in both her upper and her lower extremities. Tr. 460. Indeed, all of Plaintiff's physical examinations of record between 2010 and 2014 generally evidenced no findings of trigger points, spasms, sensory deficits, motor weakness, reflex loss, grip strength loss, coordination abnormalities, tenderness, decreased range of motion, or abnormal gait. Tr. 354, 364-65, 368, 388, 390-92, 395-96, 421, 445, 448-49, 481-82, 485, 489, 493-94, 497, 578.

In addition, Plaintiff reported that she was capable of maintaining friendships and performing light activities, such as taking short walks and housekeeping. Tr. 455. The ALJ properly considered these statements in his evaluation of Plaintiff's subjective complaints of disabling pain. *See* 20 C.F.R. § 404.1529(c)(3), 404.1545(a)(3), 416.929(c)(3), 416.945(a)(3); *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987) (holding that the ALJ may consider daily activities at the fourth step of the sequential evaluation process).

The ALJ also noted that Plaintiff's providers prescribed conservative treatment for her fibromyalgia and chronic pain. Tr. 22-23. Contrary to Plaintiff's assertion, the ALJ may consider Plaintiff's conservative treatment as a factor in assessing her credibility. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v).

Although the ALJ's decision did not consider Plaintiff's statement that she could not afford treatment, Plaintiff was indeed receiving treatment at the Southwest Florida Free Pain Clinic and other such providers. *See, e.g.,* Tr. 420, 425. In any

event, the outcome remains the same. Where, as here, the ALJ did not rely on noncompliance with treatment as ground for his decision, the ALJ's failure to consider evidence regarding the claimant's ability to afford medical care is not error. *See Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) ("[W]hen an ALJ relies on noncompliance as the sole ground for the denial of disability benefits, and the record contains evidence showing that the claimant is financially unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment."); *Dawkins v. Bowen*, 848 F.2d 1211, 1212–14 (11th Cir. 1988) (reversing and remanding ALJ's denial of benefits where ALJ relied "primarily if not exclusively" on evidence concerning the claimant's noncompliance with prescribed treatment, without regard to the claimant's ability to afford the treatment).

In light of the foregoing, the Court finds substantial evidence supports the ALJ's credibility determination. Accordingly, remand is not required on this issue.

## V. Conclusion

Upon review of the record, the Court concludes that the ALJ applied the proper legal standards, and her determination that Plaintiff is not disabled is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 29th day of September, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record